IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD TRACY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P.N.C. BANK, N.A.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)　2:20-cv-1960-NR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Presently before the Court is PNC Bank's motion to dismiss the complaint with prejudice. ECF 9. For the reasons below, the Court grants the motion, but will dismiss the complaint without prejudice and will grant Mr. Tracy leave to amend. In short, Mr. Tracy's complaint does not sufficiently plead the requisite legal elements to support his claims—many of his allegations are conclusory and perfunctory, while other allegations are inconsistent or otherwise lacking in sufficient detail. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[1]

First, as to Count I, Mr. Tracy fails to sufficiently plead enough facts to support his claim that PNC Bank violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). *See, e.g.*, 73 P.S. § 201-9.2(a) ("Any person who *purchases or leases goods or services* primarily for personal, family or household purposes *and thereby suffers* any ascertainable loss of money or property … may bring a private action to recover actual damages[.]" (emphasis added)); *Latuska v.*

---

[1] With its motion to dismiss, PNC Bank asks the Court to take judicial notice of, or otherwise consider, various documents that were not attached to the complaint. The Court, however, is not persuaded that all of these documents may properly be considered on a motion to dismiss. Rather, to the extent PNC Bank's documents are considered early in this case, they appear better suited to be considered on a motion for judgment on the pleadings.

*Sethuraman*, No. 15-208, 2016 WL 4082738, at *6 (W.D. Pa. July 29, 2016) ("Because [Plaintiffs] have failed to allege that they purchased goods or services from, or had any commercial dealings with [Defendant], the Court will grant [the] motion to dismiss[.]" (citations omitted)); *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 358 (E.D. Pa. 2015) ("[T]he UTPCPL clearly requires, in a private action, that a plaintiff suffer an ascertainable loss *as a result of* the defendant's prohibited action … [and further,] a plaintiff's loss-causing reliance on the prohibited conduct must be justifiable[.]" (cleaned up)).

Mr. Tracy's allegations take aim at some sort of debit of $70,236 or $70,200 (he pleads both)—but doesn't otherwise plead sufficient facts as to the nature of any deceptive conduct that might form the basis of the UTPCPL claim. Mr. Tracy also appears to allege some type of improper conduct by PNC Bank as to the initial $141,763.20 wire, but doesn't connect those allegations to the UTPCPL in a way that states a plausible claim. Additionally, the UTPCPL concerns the purchase of goods or services, but the complaint does not allege with any degree of clarity what was purchased from PNC Bank.

Second, as to Count II, Mr. Tracy likewise fails to adequately plead that PNC Bank violated the Pennsylvania Uniform Commercial Code. To begin with, his allegations as to Count II are, again, entirely conclusory and barebones allegations; and further, his allegations do not appear to be connected to his relied-upon provisions of the Code. For these reasons alone, dismissal is warranted. Additionally, Mr. Tracy relies on several provisions that seemingly apply to only the "receiving bank," which according to Mr. Tracy's allegations, does not encompass PNC Bank. *E.g.*, ECF 1-2, ¶¶ 24-25. Dismissal is therefore appropriate.

Third, Count III also falls short, as Mr. Tracy fails to adequately plead that PNC Bank breached a fiduciary duty, or that there's a fiduciary duty in the first place. *See, e.g.*, *Morris v. First Union Nat'l Bank*, No. 01–1953, 2002 WL 47961, at *3 (E.D.

Pa. Jan. 14, 2002) ("Under Pennsylvania law, a fiduciary duty arises from a special relationship of trust in which there is confidence reposed by one side and domination and influence exercised by the other. … Under Pennsylvania law, a lender is not a fiduciary of the borrower, nor does a bank/customer relationship give rise to a fiduciary relationship[.]" (cleaned up)); *United States AG v. PNC Bank*, No. 07-417, 2008 WL 11515399, at *2 (E.D. Pa. May 8, 2008) ("A fiduciary duty rarely arises between a bank and its customer[.]" (citations omitted)).  Count III, then, is also dismissed.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

For these reasons, this **19th day of August, 2021,** it is hereby **ORDERED** that Defendant's motion to dismiss (ECF 9) is **GRANTED**.  However, given that many of the complaint's deficiencies are based on insufficient or unclear facts, the Court cannot say that amendment would be entirely futile, and therefore will dismiss the complaint without prejudice and will grant Plaintiff leave to amend.  **IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint by **September 9, 2021**.  If no amended complaint is filed by then, the Court will order that this case be closed.[2]

/s/ <u>*J. Nicholas Ranjan*</u><br>United States District Judge

---

[2] Ultimately, as to all three claims, the initial shortcomings of Mr. Tracy's complaint arise from a lack of sufficient factual allegations to allow the Court to understand the chronology and details leading to, and underlying, Mr. Tracy's claims.  In various places, the complaint is unclear; other times, the complaint seems to contradict itself; and still elsewhere, the complaint simply doesn't provide enough factual background to allow the reader to understand what is being alleged.  These factual deficiencies, coupled with the complaint's interwoven legal conclusions, require dismissal of the complaint.  Should he choose to amend his complaint, Mr. Tracy should ensure that these factual deficiencies are remedied.  That said, it's not enough for Mr. Tracy to simply provide more factual allegations—the factual allegations must support the requisite legal elements of his claims.  Conclusory assertions are not sufficient.